J-S32045-25

2025 PA Super 271

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 :
 v. :
 :
 :
 :
JARREN S. WALKER :
 :
 Appellant : No. 289 MDA 2025

Appeal from the Judgment of Sentence Entered December 10, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000368-2022

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED DECEMBER 09, 2025**

Jarren S. Walker appeals from the December 10, 2024 aggregate judgment of sentence of life imprisonment without the possibility of parole imposed after a jury found him guilty of second-degree murder, aggravated assault, burglary, robbery, criminal trespass, and five counts of criminal conspiracy.[1] After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> On Monday, May 8, 2019, shortly after 10 p.m., police were summoned to 10 Birchwood Road, Wyomissing, Berks County, Pennsylvania, to investigate a home-invasion robbery in which Nail Salamov ("Mr. Salamov") had been shot. Mr. Salamov was the individual who phoned 911 to report the incident and he did briefly speak with the police before being

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 2702(a)(1), 3502(a)(1)(i), 3701(a)(1)(i), 3503(a)(1)(ii), and 903(a)(1), respectively.

transported to Reading Hospital. While being treated at the hospital, Mr. Salamov succumbed to his injuries.

Prior to being transported to the hospital, Mr. Salamov conveyed to the police that two men (unknown to him) had entered his home and forced the door of his bedroom open (where Mr. Salamov had retired for the evening). One of the invaders sprayed Mr. Salamov with mace. Mr. Salamov struggled with the two individuals, and during the struggle he was shot in the torso. Mr. Salamov provided a basic description of the two invaders as being male with dark skin complexions, one of which had a dreadlock hairstyle.

Neil Hoffman, M.D., qualified as an expert in the field of forensic pathology, testified that an autopsy of Mr. Salamov confirmed he died as a result of a single gunshot wound to the trunk of the body. Mr. Salamov's death was ruled a homicide, with the cause of death being a gunshot wound.

Police investigators obtained a search warrant for service upon Google asking for information on any devices captured within the geographic property confines of 10 Birchwood Road during a narrow window of time leading up to and shortly after the home invasion. As a result of that warrant, one device was discovered as having been at or near the location at the time of the home invasion — a cellular telephone purportedly owned by Appellant with an email account of "walkertwoshtz@gmail.com" and an assigned phone number of "484-219-7538."

Jurors heard testimony that investigators were able to connect the phone number in question to Appellant through information obtained through a warrant showing he was the account holder for the associated cellphone number. Investigators secured various photos of Appellant during their investigation, including one posted to Instagram on May 6, 2019, in which Appellant had a dreadlock hairstyle. Investigators, utilizing Google location history for the phone, were able to place it at 117 Walnut Street,

- 2 -

Reading, Berks County, Pennsylvania, a few days prior to the home invasion. The jury heard that address was a location associated with Appellant. The jury also heard testimony that the device was recorded to be at or near the local Social Security office at a time when Appellant was listed as signing into the visitor's log for the office, thereby further associating Appellant with the phone/account in question.

Prosecutors presented the testimony of Noel Rivera ("Mr. Rivera"), who was currently being held in the Berks County Jail on unrelated drug charges. Mr. Rivera testified that his mother dated Appellant from 2012 until Appellant was arrested for the murder in 2021. Mr. Rivera further testified Appellant admitted to him he was part of the home invasion that resulted in the death of Mr. Salamov.

Trial court opinion, 5/5/25 at 3-4 (footnote and headings omitted).

On September 13, 2024, Appellant filed an **omnibus** pretrial motion to suppress electronic evidence seized pursuant to June 19, 2019 geofence[2]

_____

[2] We note that,

[un]like a warrant authorizing surveillance of a known suspect, geofencing is a technique law enforcement has increasingly utilized when the crime location is known but the identities of suspects are not. Thus, geofence warrants effectively work in reverse from traditional search warrants. In requesting a geofence warrant, law enforcement simply specifies a location and period of time, and, after judicial approval, companies conduct sweeping searches of their location databases and provide a list of cell phones and affiliated users found at or near a specific area during a given timeframe, both defined by law enforcement.

**United States v. Smith**, 110 F.4th 817, 822 (5th Cir. 2024) (quotation marks, brackets, and citations omitted), **cert. denied**, ___ S.Ct. ___, 2025 WL 3131804 (U.S. November 10, 2025).

warrant signed by Berks County Court of Common Pleas Judge Paul M. Yatron. This warrant directed Google to disclose certain location history information for devices that connected to its services from a specific geographic area corresponding to the property at 10 Birchwood Drive, where the homicide took place, and during the specific time window of 30 minutes before Salamov called 911. The suppression court held a hearing on Appellant's suppression motion on September 27, 2024, at the conclusion of which the court denied the motion without prejudice.

Thereafter, Appellant proceeded to a jury trial on October 15, 2024. Following a six-day trial, the jury found Appellant guilty of second-degree murder, aggravated assault, burglary, robbery, criminal trespass, and five counts of criminal conspiracy on October 22, 2024. As noted, on December 10, 2024, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole. Appellant filed a timely post-sentence motion that was denied by the trial court on February 13, 2025. This timely appeal followed on March 3, 2025.[3]

Appellant raises the following issues for our review:

> 1. Did the trial court err in denying Appellant's motion to suppress the geofence warrants and all the evidence derived therefrom?

---

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

> 2. Was the evidence as to each element of the offense of murder in the second degree insufficient as a matter of law?

Appellant's brief at 9 (extraneous capitalization omitted).

Appellant first argues that the trial court erred in denying his motion to suppress the geofence warrants and all the evidence derived therefrom. *Id.* at 15-28.

Our standard of review in addressing a challenge to a denial of a suppression motion is well settled.

> [Our] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Dewald*, 317 A.3d 1020, 1030 (Pa.Super. 2024) (citations omitted), *appeal denied*, 333 A.3d 647 (Pa. 2025).

"[I]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." *Commonwealth v. Byrd*, 185 A.3d 1015, 1019 (Pa.Super. 2018) (citation omitted).

Prior to any discussion of the merits of Appellant's first claim, we must determine whether the record is sufficiently complete to enable our review. Appellant's claim requires consideration of the testimony presented during the September 27, 2024 suppression hearing. An examination of the certified record indicates that on April 29, 2025, Appellant filed a request for transcripts from his October 15-22, 2024 jury trial and December 10, 2024 sentencing. Appellant, however, failed to ensure that the notes of testimony from the September 27, 2024 suppression hearing were transcribed nor made part of the certified record. **See** "Motion for Transcripts," 4/29/25 at 1.

This court has long recognized that "[w]hen the appellant ... fails to conform to the requirements of [Pa.R.A.P.] 1911 [relating to transcript requests], any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.Super. 2006) (citation omitted), *appeal denied*, 916 A.2d 632 (Pa. 2007). It is an appellant's responsibility to make certain that the certified record contains all items necessary to ensure that this court is able to review his claims. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa.Super. 2008) (*en banc*). This court has stated:

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review. A failure by appellant to insure that the

- 6 -

> original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.

***Commonwealth v. Martz***, 926 A.2d 514, 524-525 (Pa.Super. 2007) (citations and internal quotation marks omitted), ***appeal denied***, 940 A.2d 363 (Pa. 2008). As the suppression hearing transcript is necessary to conduct our appellate review, we find Appellant's first issue is waived.

Appellant next contends that the Commonwealth presented insufficient evidence to sustain his conviction for second-degree murder.[4] Appellant's brief at 29-34.

Our standard of review in addressing a challenge to the sufficiency of the evidence is well settled.

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment

---

[4] Notably, Appellant does not specifically challenge whether the Commonwealth presented sufficient evidence to sustain his convictions for aggravated assault, burglary, robbery, criminal trespass, or criminal conspiracy. Accordingly, we will limit our analysis to his second-degree murder conviction.

for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Cahill***, 324 A.3d 516, 526 (Pa.Super. 2024) (citations omitted).

Second-degree murder, or felony murder, is a homicide committed "while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S.A. § 2502(b). Section 2502 of the Pennsylvania Crimes Code defines the "perpetration of a felony" as "[t]he act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping." 18 Pa.C.S.A. § 2502(d).

Preliminarily, we must determine whether Appellant has properly preserved his sufficiency claim for appellate review. Pennsylvania Rule of Appellate Procedure 1925(b) provides, ***inter alia***, that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P.1925(b)(4)(vii). It is well settled that,

> [i]n order to preserve a challenge to the sufficiency of the evidence on appeal, **an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the**

> **appellant alleges that the evidence was insufficient.** Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa.Super. 2013) (citations and internal quotation marks omitted; emphasis added); ***see also Commonwealth v. LeClair***, 236 A.3d 71, 76 (Pa.Super. 2020) (same), ***appeal denied***, 244 A.3d 1222 (Pa. 2021).

Here, our review establishes that Appellant's Rule 1925(b) statement fails to specifically identify any of the elements of second-degree murder that the Commonwealth allegedly failed to prove. On the contrary, Appellant presented the following bald, "catch-all" sufficiency argument in his Rule 1925(b) statement:

> Whether the evidence was insufficient as a matter of law as to each element of the offense of Murder of the Second Degree.

Concise Statement of Errors Complained of on Appeal, 4/28/25 at 1.

Accordingly, because Appellant has failed to identify the specific elements of second-degree murder that he is challenging on appeal, we could find his sufficiency claim waived.

In any event, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we agree with the trial court that there was ample evidence to support the jury's determination that Appellant was guilty of second-degree murder. Our review of the record establishes that –

based on the testimony from law enforcement and their conversation with Salamov before he succumbed to his injuries, Appellant's own social media posts, and the testimony of his former cellmate, Noel Rivera, that Appellant had confessed the crime to him – there was sufficient evidence that Appellant or his co-conspirator shot and killed Salamov during the course of a home invasion robbery. Additionally, the record demonstrates that the electronic evidence seized from the geofence warrants placed Appellant's phone in the home of Salamov during the time that the crime was committed, via his email address and phone number registered with Google.

As the trial court recognized in its opinion,

> The jury was presented with evidence that Mr. Salamov was shot in his home and died as a result of that gunshot wound. The jury heard that Mr. Salamov himself, prior to dying, told the police two individuals entered his home, forced their way into his bedroom, and fought with him. There is no question predicate information to find that a Murder in the Second Degree occurred. . . . Regarding the identification of the perpetrator, the jury heard from police investigators that Mr. Salamov's description of one of the assailants matched Appellant's physical description. The jury heard that investigators were able to trace a mobile phone registered to the Appellant to the time and place of the murder. The jury heard from investigators that they were able to put the location of that phone in proximity of the Appellant on other occasions and in other locations within a few days of the murder. The jury also heard from Mr. Rivera that the Appellant admitted to having been involved in the home invasion and murder.

Trial court opinion, 5/5/25 at 9.

- 10 -

Based on all of the foregoing, Appellant's sufficiency claim warrants no relief. Accordingly, we affirm the trial court's December 10, 2024 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/09/2025